1  DAVID R. EBERHART (S.B. #195474)
   deberhart@omm.com
2  JAMES K. ROTHSTEIN (S.B. #267962)
   jrothstein@omm.com
3  O'MELVENY & MYERS LLP
   Two Embarcadero Center
4  28th Floor
   San Francisco, California  94111-3823
5  Telephone:    +1 415 984 8700
   Facsimile:    +1 415 984 8701
6
   Attorneys for Plaintiffs
7  ELASTICSEARCH, INC. and
   ELASTICSEARCH B.V.
8
9                    **UNITED STATES DISTRICT COURT**

10                 **NORTHERN DISTRICT OF CALIFORNIA**

11

12  ELASTICSEARCH, INC., a Delaware          Case No.
    corporation, and ELASTICSEARCH B.V., a
13  Dutch corporation,                        **COMPLAINT**

                    Plaintiffs,
14                                            **(1) Trademark Infringement (15 U.S.C.
                                                  §§ 1114-1117, 1125)**
15            v.
                                             **(2) False Description/Advertising (15
16  AMAZON.COM, INC., a Delaware                  U.S.C. § 1125)**
    corporation, and AMAZON WEB SERVICES,
17  INC., a Delaware corporation,            JURY TRIAL DEMAND

                    Defendants.
18

19

20

21

22

23

24

25

26

27

28
                                                                    COMPLAINT

## INTRODUCTION

1. Elasticsearch, Inc. and elasticsearch B.V. (collectively "Elastic") bring this action to remedy Amazon.com, Inc.'s and Amazon Web Services, Inc.'s (collectively "Amazon") infringement of Elastic's incontestable ELASTICSEARCH® trademark and related false advertising.

2. Elastic is the creator of the Elastic Stack suite of products. Elastic Stack is centered on the popular and powerful ELASTICSEARCH search and analytics engine. Over the years, Elastic has built its ELASTICSEARCH product into the core of a product line that leading companies like Ebay, Adobe, Walmart, Optum, Cisco Systems, and Facebook use and depend on. As defendant Amazon's own marketing for one of its infringing offerings states, "Elasticsearch has become an essential technology for log analytics and search . . . ."[1]

3. Amazon markets two offerings that infringe the ELASTICSEARCH mark: Amazon Elasticsearch Service ("AESS") and Open Distro for Elasticsearch ("Open Distro"). AESS is a software as a service ("SAAS") offering that Amazon markets as a "Fully managed, scalable, and secure Elasticsearch service."[2] Amazon markets Open Distro as "[a]n Apache 2.0-licensed distribution of Elasticsearch enhanced with enterprise security, alerting, SQL, and more."[3]

4. Amazon's branding for AESS and Open Distro infringes Elastic's ELASTICSEARCH mark. Due to Amazon's misleading use of the ELASTICSEARCH mark, consumers of search and analytics software are, at least, likely to be confused as to whether Elastic sponsors or approves AESS and Open Distro.

5. Amazon's misleading use of ELASTICSEARCH also misrepresents the nature, characteristics, and/or qualities of AESS because, on information and belief, AESS (1) disables certain functionality available from Elastic's ELASTICSEARCH product, and (2) includes

[1] https://opendistro.github.io/for-elasticsearch/
[2] https://aws.amazon.com/elasticsearch-service/
[3] https://opendistro.github.io/for-elasticsearch/

software code not offered by Elastic in any ELASTICSEARCH product. Amazon's use of the ELASTICSEARCH mark therefore constitutes false advertising.

### PARTIES

6.    Plaintiff Elasticsearch, Inc. is incorporated in Delaware; it has its principal place of business in Mountain View, California. Plaintiff elasticsearch B.V. is incorporated in the Netherlands.

7.    Defendant Amazon.com, Inc. is incorporated in Delaware, with its principal place of business in Seattle, Washington. On information and belief, defendant Amazon.com, Inc. maintains an office or offices located within the Northern District of California.

8.    Defendant Amazon Web Services, Inc. is incorporated in Delaware with its principal place of business in Seattle, Washington. On information and belief, defendant Amazon Web Services, Inc. maintains an office or offices located within the Northern District of California. On information and belief, defendant Amazon Web Services, Inc. is a wholly-owned subsidiary of defendant Amazon.com, Inc. and, at all times relevant to the allegations herein, has acted in concert with and/or at the direction of defendant Amazon.com, Inc.

### JURISDICTION AND VENUE

9.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

10.    Venue lies within this district because a substantial part of the events giving rise to these claims occurred in this district and Amazon resides in this judicial district for purposes of 28 U.S.C. § 1391(b) and (c).

### INTRADISTRICT ASSIGNMENT

11.    Because this action arises from Elastic's assertion of its intellectual property rights, Northern District of California Local Rule 3.2(c) excludes this action from the division-specific venue rule and subjects this action to assignment on a district-wide basis.

### THE ELASTICSEARCH MARK

12.    In 2010, Elastic's founder, Shay Banon, launched the original ELASTICSEARCH product. ELASTICSEARCH is a powerful search and analytics engine that allows users to

1    perform and combine many types of searches in any way that meets their particular needs. Over

2    the years, Elastic has built the successive versions of its ELASTICSEARCH product into the core

3    of a premier search and analytics brand.

4           13.    Elastic has devoted significant time, money, and effort to promoting its

5    ELASTICSEARCH product and the ELASTICSEARCH mark. Consumers of search and

6    analytics software recognize that the ELASTICSEARCH mark indicates that Elastic is the source

7    of the ELASTICSEARCH search and analytics engine.

8           14.    ELASTICSEARCH is a registered trademark with the United States Patent and

9    Trademark office, with a priority date of September 18, 2011, and a registration date of

10   September 12, 2012. The trademark registration number for the ELASTICSEARCH mark is

11   4212205. Elastic owns this trademark registration.

12          15.    Elastic has used its ELASTICSEARCH mark continuously since its September 25,

13   2012, registration date. As such, the ELASTICSEARCH registration is incontestable and

14   provides conclusive evidence of the mark's validity and of Elastic's ownership and exclusive

15   right to use the ELASTICSEARCH mark. *See* 15 U.S.C. §§ 1065, 1115(b).

16                  **AMAZON'S INFRINGEMENT OF THE ELASTICSEARCH MARK**

17          16.    Amazon markets AESS as "a fully managed service that makes it easy for you to

18   deploy, secure, and operate Elasticsearch at scale with zero down time." According to Amazon,

19   AESS gives Amazon's customers "direct access to the Elasticsearch APIs" and "makes it easy to

20   deploy, operate, and scale Elasticsearch clusters in the AWS Cloud."[4] Elastic offers SAAS

21   services that compete with AESS.

22

23

24

25

26

27

---

[4] https://docs.aws.amazon.com/elasticsearch-service/latest/developerguide/what-is-amazon-elasticsearch-service.html

28

                                                - 4 -                                  COMPLAINT

1    17.    Amazon's use of the ELASTICSEARCH mark in connection with AESS is likely

2    to confuse consumers as to, at least, Elastic's sponsorship and/or approval of AESS. Amazon's

3    landing page for AESS appears as follows:



17    That landing page makes no effort to communicate to consumers that Elastic does not sponsor or

18    approve AESS, nor does that page state that Elastic owns the ELASTICSEARCH mark. Further,

19    Amazon has increased the likelihood of confusion regarding AESS by falsely representing to the

20    consuming public that AESS is a "great partnership" between Elastic and AWS. A tweet from the

21    Vice President and Chief Technical Officer of Amazon.com, Inc. reads:

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Neither at the time of that tweet nor at any relevant time has there ever been a "partnership" between Elastic and Amazon with respect to AESS.

18.     AESS, moreover, misleads consumers into thinking that AESS provides a genuine ELASTICSEARCH product when, on information and belief, it does not. AESS does not offer consumers all of the functionality that Elastic's ELASTICSEARCH-branded product offers. In particular, on information and belief, the software available through AESS includes additional code that is not included in any ELASTICSEARCH-branded product offered by Elastic. And, on

1    information and belief, AESS blocks some application program interfaces ("APIs") that Elastic

2    includes in its ELASTICSEARCH-branded product.

3         19.    On or about March 11, 2019, Amazon escalated its misuse of Elastic's

4    ELASTICSEARCH mark: on that date, Amazon began marketing a second offering, Open Distro,

5    that also uses the ELASTICSEARCH mark. Amazon described Open Distro as "a value-added

6    distribution of Elasticsearch that is 100% open source (Apache 2.0 license) and supported by

7    AWS."[5] Amazon's landing page for Open Distro appears as follows:

8

9

10

11

12

13

14

15



16

17

18

19

20        20.    Amazon's use of the ELASTICSEARCH mark in connection with Open Distro is

21   likely to confuse consumers as to, at least, Elastic's sponsorship and/or approval of Open Distro.

22   Amazon's landing page for Open Distro makes no effort to communicate to consumers that

23   Elastic does not sponsor or approve Open Distro, nor does that page state that Elastic owns the

24   ELASTICSEARCH mark. Further, Amazon fails to clearly communicate to consumers that

25   Amazon is the source of Open Distro. With one small exception, Amazon's own marks, such as

26   AWS, do not appear on the landing page for Open Distro. The word "Amazon" only appears once

27

28   _____
     [5] https://aws.amazon.com/blogs/opensource/running-open-distro-for-elasticsearch/

                                    - 7 -                              COMPLAINT

on the page, in the miniscule copyright notice at the very bottom of the page, as shown below. Nor does the Open Distro site use the color scheme typically observed on Amazon's web pages.



21.     No license or authorization allows Amazon to use the ELASTICSEARCH mark in the way it does. Elastic's "Guidelines for using Elasticsearch trademarks and service marks" forbid Amazon's infringing use of the ELASTICSEARCH mark. Among other things, those guidelines specify that (1) the ELASTICSEARCH mark may not be part of any product name, (2) any use of the ELASTICSEARCH mark must be less prominent in placement and size than the other product name, (3) the use of the ELASTICSEARCH mark must not create a sense of affiliation with or endorsement by Elastic, and (4) the use of the ELASTICSEARCH mark must include proper attribution of mark ownership to Elastic.[6] Amazon's use of ELASTICSEARCH violates each of those guidelines.

22.     Further, Amazon cannot plausibly contend that Elastic's guidelines are misguided or impractical, because Amazon imposes materially similar restrictions on the use of Amazon's marks. For example, Amazon's guidelines prohibit the display of "any AWS Mark as the largest

[6] https://www.elastic.co/legal/trademarks

- 8 -                                                    COMPLAINT

1    or most prominent trademark in any materials" and require that users of the AWS mark

2    "distinguish the AWS Mark from the name of Your Content."[7]

### FIRST CAUSE OF ACTION

### Trademark Infringement

### (15 U.S.C. §§ 1114-1117, 1125)

6    23.    Elastic incorporates by reference each of the allegations in the preceding

7    paragraphs of this complaint as if fully set forth herein.

8    24.    Elastic owns the valid and incontestable ELASTICSEARCH mark. Consumers of

9    search and analytics software recognize the ELASTICSEARCH mark as designating Elastic as

10   the source of services and/or goods. At all relevant times, Amazon had actual and/or statutory

11   notice of Elastic's ELASTICSEARCH registration.

12   25.    Amazon uses in commerce the ELASTICSEARCH mark in connection with, and

13   in commercial advertising or promotion of, its AESS and Open Distro service and products.

14   Amazon's use of the ELASTICSEARCH mark constitutes a false designation of origin and/or a

15   false or misleading description or representation of fact that is likely to cause confusion, to cause

16   mistake, or to deceive as to (a) the affiliation, connection, and/or association of Amazon with

17   Elastic and/or (b) the origin, sponsorship, and/or approval of Amazon's goods, services, or

18   commercial activities by Elastic.

19   26.    Amazon's wrongful activities have caused Elastic irreparable injury. Elastic is

20   informed and believes that unless said conduct is enjoined by this Court, Amazon will continue

21   and expand those activities to the continued and irreparable injury of Elastic. This injury includes

22   a reduction in the distinctiveness of Elastic's ELASTICSEARCH mark and injury to Elastic's

23   goodwill that damages cannot remedy. Elastic has no adequate remedy at law. Elastic is entitled

24   to a permanent injunction pursuant to 15 U.S.C. § 1116, restraining and enjoining Amazon and its

25   agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf,

26   from using in commerce the ELASTICSEARCH mark or any colorable imitation thereof.

27

28   ───────────────
[7] https://aws.amazon.com/trademark-guidelines/

27.     Pursuant to 15 U.S.C. § 1117, Elastic is also entitled to recover (i) Amazon's profits, increased to adequately compensate Elastic, (ii) up to treble Elastic's ascertainable damages, (iii) Elastic's costs of suit, and (iv) prejudgment interest. Amazon's willful use of Elastic's ELASTICSEARCH mark without excuse or justification renders this an exceptional case and entitles Elastic to its reasonable attorney fees and to all amounts by which Amazon has been unjustly enriched through its use of Elastic's ELASTICSEARCH mark.

## SECOND CAUSE OF ACTION

### False Description/Advertising

### (15 U.S.C. § 1125)

28.     Elastic incorporates by reference each of the allegations in the preceding paragraphs of this complaint as if fully set forth herein.

29.     Elastic owns the valid and incontestable ELASTICSEARCH mark. Consumers of search and analytics software recognize the ELASTICSEARCH mark as designating Elastic as the source of services and/or goods. At all relevant times, Amazon had actual and/or statutory notice of Elastic's ELASTICSEARCH registration.

30.     Amazon uses in commerce the ELASTICSEARCH mark in connection with, and in commercial advertising or promotion of, AESS. Amazon's use of the ELASTICSEARCH mark constitutes a false advertisement that misrepresents the nature, characteristics and/or qualities of AESS and/or deceives and/or has a tendency to deceive a substantial segment of consumers into believing that AESS has the nature, characteristics, and/or qualities of an ELASTICSEARCH-branded product offered by Elastic. This deception is likely to influence consumers' purchasing decisions about AESS, thereby diverting revenues from Elastic to Amazon.

31.     Amazon's wrongful activities have caused Elastic irreparable injury. Elastic is informed and believes that unless said conduct is enjoined by this Court, Amazon will continue and expand those activities to the continued and irreparable injury of Elastic. This injury includes a lessening of the goodwill associated with Elastic's ELASTICSEARCH mark and injury to Elastic's reputation that damages cannot remedy. Elastic has no adequate remedy at law. Elastic

COMPLAINT

1    is entitled to a permanent injunction pursuant to 15 U.S.C. § 1116 restraining and enjoining

2    Amazon and its agents, servants, employees, and all persons acting thereunder, in concert with, or

3    on their behalf, from using in commerce the ELASTICSEARCH mark or any colorable imitation

4    thereof.

5          32.     Pursuant to 15 U.S.C. § 1117, Elastic is also entitled to recover (i) Amazon's

6    profits, increased to adequately compensate Elastic, (ii) up to treble Elastic's ascertainable

7    damages, (iii) Elastic's costs of suit, and (iv) prejudgment interest. Amazon's willful use of

8    Elastic's ELASTICSEARCH mark without excuse or justification renders this an exceptional

9    case and entitles Elastic to its reasonable attorney fees and to all amounts by which Amazon has

10   been unjustly enriched through its use of Elastic's ELASTICSEARCH mark.

## PRAYER FOR RELIEF

12       Elastic prays for judgment as follows:

13         1.     Enter a permanent injunction restraining and enjoining Amazon and its agents,

14   servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from

15   using in commerce the ELASTICSEARCH mark in any way that would mislead or confuse

16   consumers;

17         2.     Award Elastic up to treble its ascertainable damages, its costs, and its attorneys'

18   fees;

19         3.     Award Elastic Amazon's profits attributable to Amazon's unauthorized use of

20   Elastic's ELASTICSEARCH mark, increased to adequately compensate Elastic;

21         4.     Award Elastic all amounts by which Amazon has been unjustly enriched through

22   its use of Elastic's ELASTICSEARCH mark;

23         5.     Award Elastic prejudgment interest;

24         6.     Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

26       Elastic demands a jury trial for all issues so triable.

27

28

1

2          Dated:  September 27, 2019

3                                                      DAVID R. EBERHART
                                                       JAMES K. ROTHSTEIN
4                                                      O'MELVENY & MYERS LLP

5

6                                                      By:      /s/ David R. Eberhart
                                                                    David R. Eberhart

7                                                      Attorneys for Plaintiffs
                                                       ELASTICSEARCH, INC. and
8                                                      ELASTICSEARCH B.V.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT