DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
JAMES K. ROTHSTEIN (S.B. #267962)
jrothstein@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, California  94111-3823
Telephone:    +1 415 984 8700
Facsimile:    +1 415 984 8701

Attorneys for Plaintiffs
ELASTICSEARCH, INC. and
ELASTICSEARCH B.V.

DURIE TANGRI LLP
JOSEPH C. GRATZ (SBN 240676)
jgratz@durietangri.com
ADITYA V. KAMDAR (SBN 324567)
akamdar@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    415-362-6666
Facsimile:    415-236-6300

Attorneys for Defendants
AMAZON.COM, INC. and
AMAZON WEB SERVICES, INC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ELASTICSEARCH, INC., a Delaware corporation, ELASTICSEARCH B.V., a Dutch corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation, and AMAZON WEB SERVICES, INC., a Delaware corporation,<br><br>Defendants. | Case No. 5:19-cv-06158-EJD<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT**<br><br>Date:    January 30, 2020<br>Time:    10:00 a.m.<br>Dept:    Courtroom 4, 5th Floor<br>Judge:   Hon. Edward J. Davila |

Pursuant to the Court's October 1, 2019 Order (ECF No. 7), the Court's October 10, 2019 Order (ECF No. 15), Civil Local Rule 16-9, Federal Rule of Civil Procedure 26(f), and the Standing Order for All Judges for the Northern District of California, the parties hereby submit this Joint Case Management Statement and Rule 26(f) Report in advance of the Initial Case Management Conference scheduled for January 30, 2020, at 10:00 a.m.

**I.   JURISDICTION AND SERVICE**

This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331. No issues exist with respect to this Court's exercise of personal jurisdiction over Defendants Amazon.com, Inc. and Amazon Web Services, Inc. ("Amazon"). Venue in the Northern District of California is proper under 28 U.S.C. § 1391. Amazon has been properly served. No party remains to be served.

**II.   FACTS**

*Plaintiffs' Statement*

Plaintiffs Elasticsearch, Inc. and elasticsearch B.V. (collectively "Elastic") bring this suit to remedy Amazon's infringement of Elastic's incontestable ELASTICSEARCH mark and Amazon's false advertising.

Elastic owns and markets the Elastic Stack suite of software products, centered on the ELASTICSEARCH search and analytics engine. Over the years, Elastic has built ELASTICSEARCH into the core of a product line that leading companies like Ebay, Adobe, Walmart, Optum, Cisco Systems, and Facebook use and depend on. As Amazon's own marketing states, "Elasticsearch has become an essential technology for log analytics and search . . . ."[1]

Amazon markets two offerings that infringe the ELASTICSEARCH mark: Amazon Elasticsearch Service ("AESS") and Open Distro for Elasticsearch ("Open Distro"). Amazon's misleading use of the ELASTICSEARCH mark is likely to confuse consumers of search and analytics software as to whether Elastic sponsors or approves AESS and Open Distro. For example, Amazon advertises that AESS makes it "easy" for consumers to "deploy, secure, and

---

[1] https://opendistro.github.io/for-elasticsearch/

operate Elasticsearch at scale with zero down time." And Amazon advertises Open Distro as "a value-added distribution of Elasticsearch."

Amazon's branding for AESS and Open Distro makes no effort to communicate to consumers that Elastic does not sponsor or approve AESS or Open Distro. For example, on Amazon's webpage for Open Distro, the word "Amazon" only appears once on the page, in the miniscule copyright notice at the very bottom of the page. Nor does the Open Distro site use the color scheme typically observed on Amazon's web pages.

Amazon's misleading branding is further likely to confuse consumers as to an affiliation of Elastic with Amazon. Amazon's Vice President and Chief Technology Officer engendered such confusion by tweeting that AESS represents "a great partnership between @elastic and #AWS." No such partnership exists or has ever existed. Nor does Amazon's marketing of Open Distro and AESS communicate to consumers that Elastic owns the ELASTICSEARCH mark.

Amazon's misleading use of ELASTICSEARCH also misrepresents the nature, characteristics, and qualities of AESS. AESS does not offer consumers all of the functionality that Elastic's ELASTICSEARCH-branded product offers. Amazon advertises that AESS offers consumers "direct access to the Elasticsearch APIs," but AESS blocks certain APIs that Elastic includes in its ELASTICSEARCH-branded product. Further, the software available through AESS and Open Distro includes additional code from parties other than Elastic that is not included in any ELASTICSEARCH-branded product offered by Elastic. In other words, both the service (AESS) and the product (Open Distro) at issue use an adulterated version of the ELASTICSEARCH search and analytics engine.

Amazon claims that the Apache License, Version 2.0—an open source license created by the Apache Software Foundation—authorizes Amazon's use of ELASTICSEARCH. Amazon is mistaken. First, that license expressly states that it does not convey rights in any trademark: "This License does not grant permission to use the trade names, trademarks, service marks, or product names of the Licensor, except as required for reasonable and customary use in describing the origin of the Work and reproducing the content of the NOTICE file." (Apache License v. 2 § 6,

1  https://www.apache.org/licenses/LICENSE-2.0). Second, and consistent with the fact that the

2  license does not convey trademark rights, the creator of that license expressly precludes third

3  parties from doing precisely what Amazon has done: "it is not permitted to name a product either

4  'BigCo *Project* Thing,' 'BigCo distribution of *Project*,' or any similar kind of name where

5  *Project* is any Apache mark or project name." (*See*

6  https://www.apache.org/foundation/marks/faq/#products.)

7       ***Defendants' Statement***

8       Amazon Web Services ("AWS") offers a variety of services that help technology

9  companies efficiently grow and scale their businesses.  For example, in 2006, AWS began

10 offering the Elastic Compute Cloud, a means of efficiently renting servers connected to the

11 Internet.  In March of 2008, AWS began offering Elastic IPs—IP addresses that could be used in

12 a flexible way.  In August of 2008, AWS began offering Elastic Block Store, a networked storage

13 service.  In April of 2009, AWS began offering Elastic MapReduce, a service for processing large

14 data sets efficiently.  In May of 2009, AWS began offering Elastic Load Balancing, a service for

15 distributing requests efficiently among several servers.

16      In 2010, after Amazon had already begun to offer Elastic Computer Cloud, Elastic IPs,

17 Elastic Block Store, Elastic MapReduce, and Elastic Load Balancing, a programmer named Shay

18 Banon released an open-source analytics and search engine software package that he decided to

19 call Elasticsearch. Mr. Banon is the founder of Elastic.  Elasticsearch is based on the open-source

20 Apache Lucene search engine software, which is distributed by the Apache Software Foundation.

21 Banon chose to release the Elasticsearch software under the open-source Apache 2.0 license, in

22 order to gain the benefit of improvements to the software contributed by the open-source

23 community, and in accordance with Elastic's "wish for Elasticsearch to be used and distributed as

24 widely as possible."  That license allows anyone to copy, modify, and offer their own version of

25 Elasticsearch, including for commercial use.  The Apache 2.0 license under which Elastic chose

26 to distribute Elasticsearch expressly provides that downstream recipients like Amazon may make

27 "reasonable and customary use" of "the trade names, trademarks, service marks, or product

28

names of" Elastic "in describing the origin of" the software.

In October of 2015, Amazon did just that, launching a service called Amazon Elasticsearch Service ("AESS"). AESS allows users to use Elasticsearch as a service, running on Amazon's servers. In March 2019, Amazon launched Open Distro for Elasticsearch ("Open Distro"), an open-source distribution of Elasticsearch with added features.

In both cases, Amazon uses the term Elasticsearch to accurately describe the origin of the Elasticsearch software that AESS runs and that Open Distro is based on.  AESS is, in fact, running open-source Elasticsearch code.  And Open Distro, in fact, contains open-source Elasticsearch code.  Both names are, therefore, entirely descriptive of the underlying products and services.  Stated differently, Elasticsearch is, in fact, what the software is called, which is why the Amazon service that runs Elasticsearch is called Amazon Elasticsearch Service.

On September 27, 2019, nearly four years after Amazon publicly launched AESS, Elastic filed suit. Its Complaint (ECF No. 1) alleges two causes of action: (1) trademark infringement under 15 U.S.C. §§ 1114-1117, 1125, and (2) false description or false advertising under 15 U.S.C. § 1125.  Amazon filed its Answer on November 20, 2019 (ECF No. 18), denying that Elastic is entitled to any of the relief it has requested.

### III.    LEGAL ISSUES

To date, the parties have identified the following legal issues:

- Whether Amazon's use of the ELASTICSEARCH mark constitutes a false designation of origin and/or a false or misleading description or representation of fact that is likely to cause confusion, to cause mistake, or to deceive as to (a) the affiliation, connection, and/or association of Amazon with Elastic and/or (b) the origin, sponsorship, and/or approval of Amazon's goods, services, or commercial activities by Elastic, in violation of 15 U.S.C. §§ 1114-1117 and 1125.

- Whether Amazon's use of the ELASTICSEARCH mark in connection with AESS constitutes a false advertisement in violation of 15 U.S.C. § 1125, because such advertising misrepresents the nature, characteristics and/or qualities of AESS

        and/or deceives and/or has a tendency to deceive a substantial segment of consumers into believing that AESS has the nature, characteristics, and/or qualities of an ELASTICSEARCH-branded product offered by Elastic.

- Whether Elastic is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 restraining and enjoining Amazon and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the ELASTICSEARCH mark or any colorable imitation thereof.

- Whether, pursuant to 15 U.S.C. § 1117, Elastic is entitled to recover (i) Amazon's profits, increased to adequately compensate Elastic, (ii) up to treble Elastic's ascertainable damages, (iii) Elastic's costs of suit, and (iv) prejudgment interest.

- Whether Elastic is entitled to reasonable attorney fees and to all amounts by which Amazon has been unjustly enriched through its use of Elastic's ELASTICSEARCH mark.

- Whether Amazon is entitled to reasonable attorney fees.

### IV.  MOTIONS

There are no motions currently pending before the Court. The parties may file motions for summary judgment.

### V.  AMENDMENT OF PLEADINGS

The parties do not currently anticipate amending their pleadings. The parties propose February 28, 2020 as the deadline for amendment of pleadings.

### VI.  EVIDENCE PRESERVATION

Counsel certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and confirm that on January 9, 2020, the parties met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to this action.

The parties understand their duty to preserve records, including paper and electronic copies, and have taken steps to preserve all documents potentially relevant to this action in their

possession, custody, or control, without regard to where such documents may be located.

**VII.     DISCLOSURES**

The parties met and conferred regarding initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on January 9, 2020. The parties anticipate complying with the disclosure requirements under Federal Rule of Civil Procedure 26(a) by January 23, 2020.

**VIII.    DISCOVERY AND RULE 26(F) DISCOVERY PLAN**

### Discovery Taken to Date

Plaintiff Elastic served its First Requests for Production of Documents on Defendant Amazon on January 10, 2020. No other discovery has been taken to date.

### Anticipated Scope and Subjects of Discovery

*Plaintiffs' Statement*

Elastic anticipates seeking discovery into: Amazon's considerations and decisions related to the naming and branding for AESS, Open Distro, and other Amazon offerings based on third party open source software; perceptions of the origin, source, and sponsorship of Open Distro and AESS; perceived affiliation, connection, or association of Amazon with Elastic; perceptions and reality regarding the functionality of AESS in comparison with Elastic products/services; the development of AESS and Open Distro; Amazon's marketing of AESS and Open Distro; competition between AESS and Elastic offerings; Amazon's revenues, profits, and costs related to AESS and Open Distro; the distribution, sale, and license of AESS and Open Distro; Amazon's policies and actions to protect its trademarks; topics related to Amazon's affirmative defenses; Amazon's response to Elastic's demand letter in this matter; and Amazon's document retention policies.

*Defendants' Statement*

Amazon anticipates seeking evidence from Elastic regarding, among other topics: the origin of the name ELASTICSEARCH; Elastic's nearly four years of knowledge of and acquiescence in Amazon's use of the term Amazon Elasticsearch Service; all agreements regarding ELASTICSEARCH; Elastic's trademark policies; marketing, advertising, accounting,

sales, and any monetary value of ELASTICSEARCH; the level of consumer recognition of ELASTICSEARCH; any consumer confusion regarding ELASTICSEARCH; each Elastic product that uses the ELASTICSEARCH mark; Elastic's revenues, profits, and costs; Elastic's use of software licenses, including open source licenses; Elastic's use of Amazon's marks; communications between Elastic and Amazon; and Elastic's communications regarding Amazon.

### Electronically Stored Information ("ESI")

The parties have met and conferred regarding preservation and disclosure of ESI. The parties do not currently anticipate any issues related to ESI. The parties intend to submit a Proposed Stipulated Order Regarding Discovery of Electronically Stored Information for the Court's approval.

### Claims of Privilege/Privilege Issues

The parties intend to submit a Proposed Stipulated Protective Order for the Court's approval. The parties agree that Federal Rule of Evidence 502 shall govern inadvertent production of privileged information.

### Changes to the Limitations on Discovery Imposed by the Federal Rules

The parties do not currently propose any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Northern District of California Civil Local Rules.

## IX. CLASS ACTIONS

This is not a class action.

## X. RELATED CASES

There are no related cases currently pending before this Court or any other court or administrative body.

## XI. RELIEF

*Plaintiffs' Statement*

Elastic seeks the following relief:

  1. A permanent injunction restraining and enjoining Amazon and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the ELASTICSEARCH mark in any way that would mislead or confuse consumers;

  2. Up to treble Elastic's ascertainable damages, Elastic's costs, and Elastic's attorneys' fees;

  3. Amazon's profits attributable to Amazon's unauthorized use of Elastic's ELASTICSEARCH mark, increased to adequately compensate Elastic;

  4. All amounts by which Amazon has been unjustly enriched through its use of Elastic's ELASTICSEARCH mark;

  5. Prejudgment interest; and

  6. Such other and further relief as this Court deems just and proper.

Elastic anticipates being able to calculate the amount of damages it seeks after taking discovery from Amazon.

***Defendants' Statement***

Amazon denies that Elastic is entitled to any relief and reserves the right to respond to any damages calculation Elastic may present. Amazon does not currently seek any relief by way of counterclaim.  Amazon may seek attorneys' fees on the ground that this is an exceptional case.

## XII. SETTLEMENT AND ADR

The parties have met and conferred regarding their obligations pursuant to Civil Local Rule 16-8 and ADR Local Rule 3-5. The parties agree that private mediation is appropriate in this case and propose September 30, 2020 as a deadline for completing private mediation. The parties anticipate that completion of expert discovery regarding liability and damages issues will enable more fruitful settlement discussions.

On January 9 and 20, 2020, respectively, Elastic and Amazon filed their ADR Certifications (ECF Nos. 20, 23). The parties will submit an ADR stipulation that reflects their agreement regarding private mediation and the September 30, 2020 deadline.

On January 9, 2020, the parties discussed the possibility of early resolution of this dispute.

Those discussions are ongoing.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Elastic does not consent to magistrate judge jurisdiction for all further proceedings.

## XIV. OTHER REFERENCES

The parties do not believe at this time that this case should be referred to binding arbitration or a special master. This case is not suitable for reference to the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

The parties are not at this time aware of any issues that can be narrowed by agreement.

## XVI. EXPEDITED TRIAL PROCEDURE/SCHEDULE

The parties do not believe that an expedited schedule is appropriate for this case.

## XVII. SCHEDULING

The parties make the following scheduling proposal:

| Event | Date |
| --- | --- |
| Trial Setting Conference | July 9, 2020 |
| Non-expert discovery cut-off | August 6, 2020 |
| Opening expert reports due | August 20, 2020 |
| Opposition expert reports due | September 3, 2020 |
| Reply expert reports due | September 10, 2020 |
| Cut-off for expert discovery | September 24, 2020 |
| Last date to file dispositive motions | October 15, 2020 |
| Final pretrial conference | February 4, 2021 |
| Jury Trial | February 16, 2021 |

## XVIII. TRIAL

Elastic and Amazon both have demanded a jury trial. The parties at this time anticipate a trial of this matter will last no more than six trial days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

*Plaintiffs' Statement*

Elastic filed its Certification of Interested Entities or Persons on September 27, 2019 (ECF No. 4). Pursuant to the Standing Order for all Judges of the Northern District of California, Elastic restates the contents of its disclosure:

Pursuant to Civil L.R. 3-15, Elastic certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Elastic N.V., the parent corporation of Plaintiffs.

*Defendants' Statement*

Amazon filed its Certification of Interested Entities or Persons on November 20, 2019 (ECF No. 19) pursuant to Civil L.R. 3-15.  Pursuant to the Standing Order for all Judges of the Northern District of California, Amazon restates the contents of its disclosure:

Pursuant to Federal Rule of Civil Procedure 7.1(a), Defendant Amazon.com, Inc., by and through its undersigned attorneys, certifies that it has no parent corporation and knows of no publicly held corporation that owns ten percent or more of its stock.

Defendant Amazon Web Services, Inc. is wholly owned by Defendant Amazon, Inc.

Pursuant to Civil L.R. 3-15, Amazon's counsel certifies that as of this date, other than the named parties, there is no such interest to report.

## XX. GUIDELINES FOR PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California and agree to abide by these guidelines.

## XXI. OTHER MATTERS

The parties have no other matters to bring to the Court at this time.

Dated: January 21, 2020

DAVID R. EBERHART
JAMES K. ROTHSTEIN
O'MELVENY & MYERS LLP

By:   /s/ David R. Eberhart
      David R. Eberhart

Attorneys for Plaintiffs
ELASTICSEARCH, INC. and
ELASTICSEARCH B.V.

Dated: January 21, 2020

JOSEPH C. GRATZ
DURIE TANGRI LLP

By:   /s/ Joseph C. Gratz
      Joseph C. Gratz

Attorneys for Defendants
AMAZON.COM, INC. and AMAZON WEB SERVICES, INC.

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: January 21, 2020

   /s/ David R. Eberhart
   David R. Eberhart